**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
Gordon P. Gallagher, United States Magistrate Judge

Civil Action No. 19-cv-02669-LTB-GPG

PAMELA C. KERSTEN,

       Plaintiff,

v.

LARIMER COUNTY, COLORADO,
MAGISTRATE MATTHEW ZEHE,
JEANNIE BRUENNING,
JEFFREY BRUENNING,
RAUN BRUENNING,
MEGAN BRUENNING,
AUSTYN FORD,
BRIAN FORD,
KIRK WAIBLE, Attorney,
KATHRYN LEES, Court Family Investigator,
JOHNNY MARTINEZ, San Luis Obispo County Juvenile Services Center,
NICHOLE EVANS, Probation Officer Larimer County,
PLATTE VALLEY YOUTH SERVICES,

       Defendants.

---

## RECOMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

       This matter comes before the Court on the Complaint (ECF No. 5) filed *pro se* by

Plaintiff on September 25, 2019.  The matter has been referred to this Magistrate Judge

for recommendation (ECF No. 11)[1].

---

[1] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.  Fed. R. Civ. P. 72(b).  The party filing objections must specifically identify those findings or recommendations to which the objections are being made.  The District Court need not consider frivolous, conclusive or general objections.  A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations.  *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. §

The Court has reviewed the filings to date.  The Court has considered the entire case file, the applicable law, and is sufficiently advised in the premises.  This Magistrate Judge respectfully recommends that the Complaint be dismissed.

## I.  Factual and Procedural Background

Plaintiff Pamela C. Kersten initiated this action on September 18, 2019, by filing *pro se* a Civil Complaint (ECF No. 1) and an Application to Proceed in District Court Without Prepaying Fees and Costs (Long Form) (ECF No. 2).  She was directed to cure deficiencies by filing her pleading on the Court-approved form.  (*See* ECF No. 4).  On September 25, 2019, she filed a Complaint (ECF No. 5) pursuant to 28 U.S.C. §§ 1331 and 1332.  Plaintiff was granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  (*See* ECF No. 8).

The Court reviewed the Complaint, determined there were pleading deficiencies that needed to be addressed, and entered an order to amend on October 8, 2019.  (*See* ECF No. 9).  Specifically, Plaintiff was directed to file an amended complaint that complied with Rule 8 of the Federal Rules of Civil Procedure; that properly asserted federal subject matter jurisdiction; that was not subject to dismissal under the *Rooker-Feldman* and/or *Younger* abstention doctrines; that sued parties who were not entitled to immunity; and that did not assert claims based on alleged violations of federal criminal statutes.  (*Id.*).

---

636(b)(1).  Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted or adopted by the District Court.  *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

Plaintiff has not filed an amended pleading within the time allowed.  Therefore, the operative pleading is the Complaint (ECF No. 5) filed on September 25, 2019.

## II.  Analysis

The Court must construe the Complaint liberally because Plaintiff is a *pro se* litigant.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  If a complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [a court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."  *Hall*, 935 F.2d at 1110.  However, the Court should not act as a *pro se* litigant's advocate.  *See id.*

The allegations in the Complaint arise from state juvenile court proceedings and orders relating to child custody placement and parental responsibilities.  (*See* ECF No. 5 at 14-23).  Plaintiff alleges that Defendants acted wrongfully toward her during these state court proceedings.  (*Id.*).  She specifically claims that Defendants: (i) violated her constitutional rights by unlawfully seizing and removing her minor children from her home without due process of law (Claims One, Two, Three, and Four – the "§ 1983 Claims"); (ii) committed intentional infliction of emotional distress, invasion of privacy, and defamation (Claims Five, Six, and Seven – "the State Law Claims"); and (iii) violated criminal statutes, 18 U.S.C. § 221 and 18 U.S.C. § 1201 (Claims Eight and Nine – "the Criminal Claims").  (*Id.* at 24-29).  Plaintiff sues Larimer County Colorado, Magistrate Judge Matthew Zehe, Guardian ad litem Kirk Waible, Court Family Investigator Kathryn Lees, Juvenile Probation Officer Nichole Evans, and Platte Valley

Youth Services ("the Colorado State Defendants"); Jeannie Bruenning, Jeffrey Bruenning, Raun Bruenning, Megan Bruenning, Austyn Ford, and Brian Ford ("the California Private Defendants"); and California Juvenile Probation Officer Johnny Martinez. (*Id.* at 11-12). As relief, Plaintiff seeks money damages as well as "enforcement of her Civil rights." (*Id.* at 29-30).

### A. Jurisdiction

It is the Court's duty to assure itself of its subject matter jurisdiction before proceeding with any case. *See Citizens Concerned for Separation of Church & State v.City & County of Denver*, 628 F.2d 1289, 1297, 1301 (10th Cir. 1980). There are two statutory bases for federal subject matter jurisdiction: federal question jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332. *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."); and 28 U.S.C. § 1332 ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between citizens of different States . . . "). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974).

Rule 12 of the Federal Rules of Civil Procedure empowers a court to dismiss a complaint for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1) and (h)(3). Dismissal for lack of jurisdiction is not a judgment on the merits of a plaintiff's case. Rather, it calls for a determination that the court lacks authority to adjudicate the matter, attacking the existence of jurisdiction rather than the allegations of the complaint. *See*

*Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing that federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so).  A court lacking jurisdiction "must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *Id.* at 909; *see also McAlester v. United Air Lines, Inc.*, 851 F.2d 1249, 1252 (10th Cir. 1988) (holding that issue of subject matter may be raised sua sponte by the court at any point in the proceedings).  The dismissal is without prejudice. *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006).

In the Complaint, Plaintiff asserts jurisdiction pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1332 (diversity).  While Plaintiff, a resident of Colorado, sues some Defendants that reside in California, she also sues Defendants that are citizens of Colorado.  (*See* ECF No. 5 at 2-7).  Therefore, she does not properly invoke diversity jurisdiction because there is not complete diversity among the parties. *See Grynberg v. Kinder Morgan Energy Partners, L.P.*, 805 F.3d 901, 905 (10th Cir. 2015) ("Diversity jurisdiction requires complete diversity — no plaintiff may be a citizen of the same state as any defendant.").

Plaintiff also attempts to establish federal question jurisdiction by asserting claims pursuant to 42 U.S.C. § 1983.  The California Private Defendants and Defendant Waible, however, are not state actors, and thus § 1983 does not apply to them. *See NCAA v. Tarkanian*, 488 U.S. 179, 191 (1988) (recognizing that § 1983 applies only to defendants who "'represent [the State] in some capacity, whether they act in accordance with their authority or misuse it.'"); *Hennelly v. Flor de Maria Oliva*, 237 F. App'x 318, 320 (10th Cir. 2007) (unpublished) (citing *Meeker v. Kercher,* 782 F.2d 153, 155 (10th

Cir.1986) ("guardians *ad litem* are not state actors for purposes of § 1983, because they give their 'undivided loyalty to the minor, not the state.'").

### B. Rule 8

The Complaint is further deficient because Plaintiff has not complied with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  A complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."  Fed. R. Civ. P. 8(a).  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.  Vague or unintelligible pleadings violate Rule 8.

The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to establish whether the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes.  *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Further, vague and conclusory allegations that his rights have been violated do not entitle a pro se pleader to a day in court regardless of how liberally the court construes such pleadings.  *See Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991), *aff'd,* 961 F.2d 916 (10th Cir. 1992).  The general rule that *pro se* pleadings must

be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).  Thus, "in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations."  *Hall*, 935 F.2d at 1110.  Neither the Court nor Defendant is required to guess in order to determine what claims are being asserted and what specific factual allegations support those claims.

Plaintiff does not state a clear basis for this Court's federal subject matter jurisdiction and fails to allege in a clear, concise, and organized manner what each defendant did to her, when the defendant did it, how the defendant's action harmed her, what specific legal right she believes the defendant violated, and what specific relief she requests.  *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Moreover, to the extent the Court has jurisdiction over the § 1983 Claims asserted against the Colorado State Defendants and Defendant Martinez, Plaintiff does not adequately allege each defendant's personal participation in the alleged constitutional violation.  *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (explaining that personal participation is an essential allegation in a § 1983 action). Plaintiff also cannot hold Larimer County, Platte Valley Youth Services, and individual Colorado Defendants sued in their official capacities liable under 42 U.S.C. § 1983 because she does not allege facts to show the existence of a county or city policy or custom that has directly caused a violation of her constitutional rights.  *See City of*

*Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989); *Myers v. Oklahoma County Bd. of County Comm'rs,* 151 F.3d 1313, 1316-20 (10th Cir. 1998); *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993); *Hafer v. Melo*, 502 U.S. 21, 25 (1991).

### C. *Rooker-Feldman* and *Younger*

The § 1983 Claims also appear to be subject to dismissal under the *Rooker-Feldman* and/or *Younger* abstention doctrines. As noted above, the allegations in the Complaint concern the placement of Plaintiff's minor child as a result of state juvenile delinquency and child custody proceedings.

To the extent Plaintiff is asking this Court to review and reverse the final decisions of a state court, the Court may not do so. The *Rooker- Feldman* doctrine provides that federal courts, other than the United States Supreme Court, lack jurisdiction to adjudicate claims seeking review of final state court judgments. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923). In other words, the *Rooker-Feldman* doctrine precludes "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *see also Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994) (stating that the losing party in a state court proceeding is generally "barred from seeking what in substance would be appellate review of the state court judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights."). Review of the state court judgment must proceed to the state's highest court and then to the United States

Supreme Court pursuant to 28 U.S.C. § 1257.  *See Facio v. Jones*, 929 F.2d 541, 543 (10th Cir. 1991).

To the extent the state court judgment is not final, this Court must abstain under *Younger v. Harris*, 401 U.S. 37 (1971).  The *Younger* doctrines provides that "a federal court [must] abstain from hearing a case where . . . (1) state judicial proceedings are ongoing; (2) state proceedings implicate an important state interest; and (3) the state proceedings offer an adequate opportunity to litigate federal constitutional issues." *Winnebago Tribe of Nebraska v. Stovall*, 341 F.3d 1202, 1204 (10th Cir. 2003).  *See also Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982).  "*Younger* . . . and its progeny espouse a strong federal policy against federal court interference with pending state judicial proceedings absent extraordinary circumstances."  *Middlesex County Ethics Comm.*, 457 U.S. at 431.  When the three conditions are met, application of *Younger* is mandatory.  *Weitzel v. Div. of Occupational and Prof'l Licensing of Dep't of Commerce*, 240 F.3d 871, 875 (10th Cir. 2001) ("[T]he district court must abstain once the conditions are met, absent extraordinary circumstances.") (internal quotation marks omitted)).

Here, the state proceedings appear to be ongoing.  Second, resolution of child custody matters has been acknowledged as an important state interest.  *See Elk Grove Unified Sch. Dist. v. Newdow,* 542 U.S. 1, 12–13 (2004) ("[T]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States."); *see also Chapman v. Barcus,* 372 Fed. Appx. 899 (10th Cir. 2010) (unpublished) (recognizing that the Tenth Circuit has

consistently applied *Younger* to child custody cases); *Morrow v. Winslow,* 94 F.3d 1386,

1393 (10th Cir.1996) (noting that comity considerations of the *Younger* doctrine are

particularly vital in child custody proceedings, which are "an especially delicate subject

of state policy."). Finally, state courts are generally equally capable of enforcing federal

constitutional rights as federal courts. *See Middlesex Cnty. Ethics Comm.*, 457 U.S. at

431. *See also D.L. v. Unified Sch. Dist. No.* 497, 392 F.3d 1223, 1229 (10th Cir.2004)

(holding that *Younger* abstention is appropriate when a federal plaintiff can pursue

those claims in an ongoing state proceeding); *see also Pennzoil Co. v. Texaco, Inc.*,

481 U.S. 1, 15 (1987) (stating "when a litigant has not attempted to present his federal

claims in related state-court proceedings, a federal court should assume that state

procedures will afford an adequate remedy, in the absence of unambiguous authority to

the contrary"). It is Plaintiff's burden to establish that state law prevents her from

presenting her federal claims in the state proceedings. *See J.B. ex rel. Hart v. Valdez*,

186 F.3d 1280, 1292 (10th Cir.1999).

### E. Judicial Immunity

Even if Plaintiff can overcome *Rooker-Feldman* and *Younger*, the § 1983 Claims

asserted against Defendant Zehe are improper because judges are absolutely immune

from a civil rights suit based on actions taken in their judicial capacity, unless they acted

in the clear absence of all jurisdiction. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991);

*Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *Hunt v. Bennett*, 17 F.3d 1263, 1266-

67 (10th Cir. 1994). Judicial immunity "is not overcome by allegations of bad faith or

malice," *Mireles*, 502 U.S. at 11, or an assertion that the judge acted in error or

exceeded his or her authority, *see Stump*, 435 U.S. at 1105 (emphasis added). Further,

a judge acts in the clear absence of all jurisdiction only when he or she "acts clearly without any colorable claim of jurisdiction." *Snell v. Tunnell*, 920 F.2d 673, 686 (10th Cir. 1990).

Defendant Lees also is entitled to quasi-judicial immunity. As a derivative of judicial immunity, non-judicial officials also may be entitled to absolute immunity if they are performing judicial functions. *See Forrester v. White*, 484 U.S. 219, 224 (1988). However, "[w]hen judicial immunity is extended to officials other than judges, it is because their judgments are functionally comparable to those of judges – that is, because they, too, exercise a discretionary judgment as a part of their function." *Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 436 (1993) (internal quotation marks and alterations omitted). Here, the allegations against Defendant Lees arise from her role as an "investigative arm of the court" in the child custody proceedings. (ECF No. 5 at 13). Plaintiff does not allege that Defendant Lees was acting in the clear absence of all jurisdiction or outside the scope of her authority when conducting her evaluation and submitting her report to the state court. *See Turney v. O'Toole*, 898 F.2d 1470, 1474 (10th Cir. 1990) (explaining that quasi-judicial immunity does not extend to acts taken by state officials in the clear absence of all jurisdiction or outside the scope of their jurisdiction). As a result, Defendant Lees' actions in exercising her judgment with respect to the evaluation and report are protected by quasi-judicial immunity. *See Hughes v. Long*, 242 F.3d 121, 126 (3d Cir. 2001) (holding that child welfare workers are entitled to "judicial immunity because they acted as 'arms of the court,' similar to a guardian ad litem or a court-appointed doctor or psychologist, a non-judicial person who fulfills a quasi-judicial role at the court's request."); *see also McKinney v. Oklahoma Dep'*

*t of Human Servs.,* 925 F.2d 363, 365 (10th Cir. 1991) (recognizing judicial immunity for court clerk for alleged civil rights violations arising out of felony and juvenile proceedings).

Finally, Defendants Evans and Martinez also are entitled to absolute immunity "[w]hen performing functions that are 'quasi-judicial' in nature." *Russ v. Uppah,* 972 F.2d 300, 303 (10th Cir.1992). Quasi-judicial activities are those which are "intimately associated with the judicial phase of the criminal process," such as a probation officer's preparation of a presentence report. *Gerrish v. Ockey*, 951 F.2d 1259 (10th Cir. 1991).

### F. Federal Criminal Statutes

To the extent Plaintiff relies on federal criminal statutes for Claims Eight and Nine, she lacks standing to assert that a party has violated criminal laws, or to seek criminal prosecution, in either the state or federal court. *See Linda R.S. v. Richard D.,* 410 U.S. 614, 619 (1973) ("A private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); *see also Diamond v. Charles*, 476 U.S. 54, 64-65 (1986) (holding that private citizens cannot compel enforcement of criminal law); *Newcomb v. Ingle*, 827 F.2d 675, 676 n.1 (10th Cir. 1987) (finding no authorized private cause of action)*; Winslow v. Romer*, 759 F. Supp. 670, 673 (D. Colo. 1991) ("Private citizens generally have no standing to institute federal criminal proceedings."). As such, Plaintiff cannot recover civil damages for an alleged violation of a criminal statute. *Shaw v. Neece*, 727 F.2d 947, 949 (10th Cir. 1984).

### III.  Recommendations

For the reasons set forth herein, this Magistrate Judge respectfully RECOMMENDS that the Complaint (ECF No. 5) and this action be DISMISSED.

DATED November 20, 2019

BY THE COURT:

_____
Gordon P. Gallagher
United States Magistrate Judge